UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

NAQUAN CINTRON,

Plaintiff,

-against-

CITY OF NEW YORK, AUSTIN HUA, Individually, JIMMY GUTIERRES, Individually, DANIEL TRAVIS, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

Plaintiff NAQUAN CINTRON, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff NAQUAN CINTRON is a thirty-three-year-old resident of New York, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, AUSTIN HUA, JIMMY GUTIERRES, DANIEL TRAVIS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On June 2, 2023, at approximately 10:30 p.m., plaintiff was riding a moped in the vicinity of 2nd Avenue, near 106th Street, in Manhattan, when a white unmarked van stopped in front of plaintiff, blocking his path.

13. Several defendant NYPD plainclothes officers including, but not limited to, defendants AUSTIN HUA, JIMMY GUTIERRES, and Sergeant DANIEL TRAVIS, who were members of the Patrol Borough Manhattan North Community Response Team, which at the time was executing a crackdown on scooter users, exited the white van and rushed plaintiff.

14. Plaintiff, who was confused and unsure of who was rushing at him or why, dismounted from his moped and turned his back to the individuals, and was then tased in his upper back by, upon information and belief, defendant GUTIERRES.

15. Plaintiff was neither resisting arrest nor engaging in any other conduct which warranted the use of a taser.

16. Plaintiff fell to the ground and blacked out for a short period.

17. When plaintiff regained his awareness, he was on the ground and was experiencing difficulty opening his mouth, his jaw was swollen, his left ear was bleeding, and he had taser barbs in his back.

18. Plaintiff was handcuffed, placed in a police van, and then transported to Mount Sinai Hospital.

19. At the hospital, plaintiff was diagnosed with, *inter alia*, displaced fractures of the left zygomatic arch and left squamous portion of the temporal bone, as well as a potential nondisplaced fracture of the left maxillary sinus, and left facial hematoma and swelling. Additionally, the taser barbs were removed and his wounds dressed.

20. Plaintiff was released from the hospital on June 3, 2023, and then transported to central booking where he was held until June 4, 2023, at approximately 10 a.m., when he was arraigned on false charges that he had purportedly been riding his moped recklessly. All the false charges were dismissed at plaintiff's arraignment and thereafter sealed.

21. Defendants initiated said prosecution with malice and without probable cause.

22. Defendants created and manufactured false evidence which he conveyed to the New York County District Attorney's Office and to New York County Criminal Court and which was likely to be used against plaintiff in the aforementioned legal proceeding. Specifically, defendant HUA swore to false claims which formed the basis of the criminal charges of reckless endangerment.

23. Defendant Officers HUA, GUTIERRES, Sergeant TRAVIS, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees with regard to the proper use of tasers; pursuant to improper customs or practices of aggressively policing scooter and moped use by members of Community Response Teams, a practice which caused an increase in dangerous police pursuits and injuries to scooter users.[a]

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs

[a] *See e.g.,* CBS News, Fast-growing NYPD Community Response Team focuses on nabbing illegal vehicles, available at *https://www.youtube.com/watch?v=KIwOgRs17kA*

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of tasers and that members of Community Response Teams were engaging in unsafe and aggressive police tactics.

26. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights and injuries to individuals, including plaintiff. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28. As a result of the foregoing, plaintiff NAQUAN CINTRON sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Defendant Officers)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendant officers arrested plaintiff NAQUAN CINTRON without probable cause, causing him to be detained against his will for an extended period of time and subjected to

physical restraints.

31. Defendant officers caused plaintiff NAQUAN CINTRON to be falsely arrested and unlawfully imprisoned.

32. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against the Defendant Officers)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff NAQUAN CINTRON'S constitutional rights.

35. As a result of the aforementioned conduct of the defendant officers, plaintiff NAQUAN CINTRON was subjected to excessive force and sustained serious physical injuries and emotional distress.

36. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983 against the Defendant Officers)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants initiated, commenced and continued a malicious prosecution against plaintiff NAQUAN CINTRON.

39. Defendants caused plaintiff NAQUAN CINTRON to be prosecuted without any probable cause until the charges were dismissed on or about June 4, 2023.

40. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against the Defendant Officers)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants created false evidence against plaintiff NAQUAN CINTRON.

43. Defendants forwarded this false evidence to the New York County District Attorney's Office and to New York County Criminal Court to be used against plaintiff NAQUAN CINTRON in legal proceedings.

44. As a result of defendants' creation and use of false evidence, plaintiff NAQUAN CINTRON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

45. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff NAQUAN CINTRON, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiff NAQUAN CINTRON was subjected to excessive force, arrested, he was denied his right to a fair trial, maliciously prosecuted, and he was put in fear of his safety.

50. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against the Supervisory Defendant Officers)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and engaging in unsafe and aggressive police tactics in response to scooter use. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees in the proper use of tasers that was the moving force behind the violation of plaintiff NAQUAN CINTRON'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NAQUAN CINTRON.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff NAQUAN CINTRON as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff NAQUAN CINTRON as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD, plaintiff NAQUAN CINTRON was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NAQUAN CINTRON'S constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff NAQUAN CINTRON of federally protected rights, including, but not limited to, the right to be free from excessive force.

63. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

66. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68. Plaintiff has complied with all conditions precedent to maintaining the instant action.

69. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York against Defendant Officers and Defendant City of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. The defendant officers arrested plaintiff NAQUAN CINTRON without probable cause.

72. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

73. As a result of the aforementioned conduct, plaintiff NAQUAN CINTRON was unlawfully imprisoned in violation of the laws of the State of New York.

74. As a result of the aforementioned conduct, plaintiff NAQUAN CINTRON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

75. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

76. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR NINTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against the Defendant Officers and Defendant City of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. As a result of the foregoing, plaintiff NAQUAN CINTRON was placed in apprehension of imminent harmful and offensive bodily contact.

79. As a result of defendant's conduct, plaintiff NAQUAN CINTRON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

81. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against the Defendants Officers and Defendant City of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants made offensive contact with plaintiff NAQUAN CINTRON without privilege or consent.

84. As a result of defendants' conduct, plaintiff NAQUAN CINTRON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85. The individually named defendants battered plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

86. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York against the Defendants Officers and
Defendant City of New York)

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through 86" with the same force and effect as if fully set forth herein.

88. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff NAQUAN CINTRON.

89. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

90. Defendants caused plaintiff NAQUAN CINTRON to be prosecuted without probable cause until the charges were dismissed on or about June 4, 2023.

91. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered, maliciously prosecuted, and manufactured evidence against plaintiff NAQUAN CINTRON.

94. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously prosecuted plaintiff, and who deprived plaintiff of his right to a fair trial.

98. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against the Defendants Officers and Defendant City of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Plaintiff's rights to be free from excessive force, false arrest, malicious prosecution, right to fair trial, and failure to intervene were violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

101. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

102. Qualified immunity is no defense to this claim.

103. As a result of the foregoing, plaintiff NAQUAN CINTRON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff NAQUAN CINTRON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 31, 2024

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff NAQUAN CINTRON
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: Brett Klein
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

NAQUAN CINTRON,

Plaintiff,

Index No.:

-against-

CITY OF NEW YORK, AUSTIN HUA, Individually, JIMMY GUTIERRES, Individually, DANIEL TRAVIS, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132