UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

YANICK RAMIREZ,                                          **COMPLAINT**

                              Plaintiff,          Index No.:

        -against-                                      Jury Trial Demanded

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                            Defendants.

--------------------------------------------------------------------------------X

       Plaintiff YANICK RAMIREZ, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff YANICK RAMIREZ is a thirty-four-year-old resident of the State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On June 2, 2023, sometime after 3:00 p.m., plaintiff was operating a vehicle in the vicinity of 1415 Townsend Avenue, Bronx, New York, when NYPD officers stopped him.

13.     Multiple NYPD vehicles were involved in the stop.

14.     When defendant officers approached, plaintiff cracked his window open to speak with the officers.

15.     Plaintiff lawfully questioned the basis of the stop and protested the officers' right to search his vehicle

16.     In response, an officer broke the driver's side window and defendant officers proceeded to assault plaintiff, swinging at and hitting him repeatedly in the left side of his body.

17.     Plaintiff was ordered out of the vehicle, thrown to the ground, and was further assaulted while on the ground.  The defendants lacked any reasonable basis for the use and level of force employed.

18.     Plaintiff was then imprisoned in a police vehicle without his shoes on and transported to a police precinct, and then to Lincoln Hospital for medical treatment.

19.     Defendants failed to return plaintiff's shoes and plaintiff was forced to go barefoot for the three to four days he was in custody.

20.     Plaintiff sustained injuries including, without limitation, to his left ribs, right foot, abrasions and bruising, and pain and suffering, as well as emotional distress as a result of the beating.

21.     Defendants JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned

3

misconduct.

22.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees with regard to traffic stops; pursuant to improper customs or practices of employing excessive force.

23.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

24.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

25.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.    As a result of the foregoing, plaintiff YANICK RAMIREZ sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against the Defendant Officers)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff YANICK RAMIREZ'S constitutional rights.

29.     As a result of the aforementioned conduct of the defendant officers, plaintiff YANICK RAMIREZ was subjected to excessive force and sustained serious physical injuries and emotional distress.

30.     As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants had an affirmative duty to intervene on behalf of plaintiff YANICK RAMIREZ, whose constitutional rights were being violated in their presence by other officers.

33.     The defendants failed to intervene to prevent the unlawful conduct described herein.

34.     As a result of the foregoing, plaintiff YANICK RAMIREZ was subjected to excessive force, and he was put in fear of his safety.

5

35.    As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against the Defendant Officers)

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

38.    As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

39.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force

against individuals.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees in the proper use of force that was the moving force behind the violation of plaintiff YANICK RAMIREZ'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

42.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff YANICK RAMIREZ.

43.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff YANICK RAMIREZ as alleged herein.

44.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff YANICK RAMIREZ as alleged herein.

45.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD, plaintiff YANICK RAMIREZ was unlawfully subjected to excessive force.

46.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff YANICK RAMIREZ'S constitutional rights.

47.    All of the foregoing acts by defendants deprived plaintiff YANICK RAMIREZ of

federally protected rights, including, but not limited to, the right to be free from excessive force.

48.    As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

49.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

51.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

52.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

53.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

54.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against the Defendant Officers and
Defendant City of New York)

55.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    As a result of the foregoing, plaintiff YANICK RAMIREZ was placed in apprehension of imminent harmful and offensive bodily contact.

57.    As a result of defendant's conduct, plaintiff YANICK RAMIREZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

58.    The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

59.    As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York against the Defendants Officers and Defendant City of New York)

60.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    Defendants made offensive contact with plaintiff YANICK RAMIREZ without privilege or consent.

62.    As a result of defendants' conduct, plaintiff YANICK RAMIREZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

63.    The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said

9

officers' wrongdoing under the doctrine of *respondeat superior*.

64.    As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (N.Y.C. Administrative Code §§ 8-801 through 8-807 against All Defendants)

65.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Plaintiff's rights to be free from excessive force and failure to intervene were violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

67.    The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

Qualified immunity is no defense to this claim.

68.    YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

69.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered plaintiff YANICK RAMIREZ.

71.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

72.     As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff.

75.     As a result of the foregoing, plaintiff YANICK RAMIREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff YANICK RAMIREZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
        August 31, 2024

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff YANICK RAMIREZ
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:    _Brett Klein_____
        BRETT H. KLEIN (BK4744)

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

YANICK RAMIREZ,

                                      Plaintiff,

        -against-

CITY OF NEW YORK, JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132